IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-14-BO

QUANCIDINE HINSON-GRIBBLE, )
)
    Plaintiff, )
)
v. ) ORDER
)
)
LAW OFFICES OF MICHAEL A. )
DEMAYO and MICHAEL A. DEMAYO, )
)
    Defendants. )

This cause comes before the Court on the memorandum and recommendation by United States Magistrate Judge James E. Gates. [DE 5]. On February 13, 2019, Judge Gates recommended that plaintiff be permitted to proceed *in forma pauperis* but that her claims be dismissed. *Id*. Plaintiff has filed an affidavit in opposition to dismissal and the matter is ripe for review. For the reasons that follow, the M&R is ADOPTED.

## BACKGROUND

In January 2019, plaintiff filed a *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915. [DE 1]. Plaintiff brings claims for breach of contract and fraudulent misrepresentation against defendants, who represented her with respect to a January 2016 car accident. In February 2019, Judge Gates entered the instant memorandum and recommendation (M&R), granting plaintiff's application to proceed *in forma pauperis* and recommending that plaintiffs' claims be dismissed for lack of subject-matter jurisdiction. [DE 5].

## DISCUSSION

A district court is required to review *de novo* those portions of an M&R to which a party timely files specific objections or where there is plain error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation and citation omitted). Here, the Court construes plaintiff's affidavit as a timely, specific objection to the finding that the Court does not possess subject-matter jurisdiction over plaintiff's claims.

Even if, however, the Court were to conduct *de novo* review of whether subject-matter jurisdiction exists, it is clear that such jurisdiction does not exist. 28 U.S.C. § 1331 authorizes federal courts to decide claims that arise under the Constitution, laws, or treaties of the United States. Plaintiff has not alleged any claims raising federal questions; rather, she alleges only state-law claims of breach of contract and fraudulent misrepresentation. There is no federal-question jurisdiction. 28 U.S.C. § 1332, on the other hand, authorizes federal courts to hear claims on the basis of diversity of citizenship. In other words, if the plaintiff is a citizen of one state—North Carolina, for instance—and the defendant is a citizen of another state, subject-matter jurisdiction exists. Here, however, plaintiff explicitly alleges in her complaint that she and both defendants are citizens of North Carolina. In her affidavit in response to the M&R, plaintiff again reiterates that she and both defendants are citizens of North Carolina. It is clear, then, that complete diversity of citizenship does not exist and, therefore, subject-matter jurisdiction does not exist, either.

The Court has reviewed the M&R and is satisfied that there is no clear error on the face of the record, and finds that there is no subject-matter jurisdiction. Accordingly, the memorandum and recommendation is ADOPTED.

## CONCLUSION

The memorandum and recommendation of Magistrate Judge Gates [DE 5] is ADOPTED and plaintiff's complaint is DISMISSED.

SO ORDERED, this 18 day of March, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE